UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-4981-E | Date | September 3, 2026 |
| Title | MANUEL CARRILLO RAMIREZ v. DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOM ENFORCEMENT, ET AL. | | |

Present: The Honorable Charles F. Eick, United States Magistrate Judge

| Bea Martinez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| **Attorneys Present for Plaintiffs:** | **Attorneys Present for Defendants:** |
|---|---|
| None | None |

**Proceedings:** **(IN CHAMBERS)**

On August 27, 2026, Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus, etc." and a "Memorandum of Law in Support of Temporary Restraining Order" ("the Application"). The Court ordered Respondents to file a response to the Application on or before noon on September 2, 2026. See Minute Order, filed August 31, 2026. Respondents failed to do so. In the future, Government counsel shall heed court-ordered deadlines.

**BACKGROUND**

Petitioner, a Mexican citizen, reportedly entered the United States without inspection in 1999, when he was 16 years old. Since that time, Petitioner has built a substantial life in the United States, having employment in the food service industry, a wife, and four United States citizen children.

Petitioner alleges that, months ago, agents of ICE stopped an Uber car without cause and interrogated the driver. Petitioner, a passenger in the car on his way to work, then was questioned without cause and arrested without a warrant. Petitioner has remained in ICE detention ever since.

Petitioner seeks a temporary restraining order ("TRO") requiring his release and preventing his removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV 26-4981-E | Date | September 3, 2026 |
|---|---|---|---|
| Title | MANUEL CARRILLO RAMIREZ v. DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOM ENFORCEMENT, ET AL. | | |

**DISCUSSION**

Under Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) ("Winter"), a party seeking a temporary restraining order ("TRO") must establish four elements: "(1) a likelihood of success on the merits, (2) that the [party] will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in [his] favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014) (citing Winter, 555 U.S. at 20); see also Fed. R. Civ. P. 65. Courts in this Circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard" (Fraihat v. U.S. Immigr. & Customs Enf't, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four Winter elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the [party]," and so long as the other Winter factors are also met. Id. at 1132.

In the present case, Petitioner has established the required elements for a TRO mandating his immediate release from detention. The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3).

Although this Court would have no jurisdiction to review a challenge to an order of removal (8 U.S.C. § 1252(g)),[1] the Court does have jurisdiction to adjudicate Petitioner's challenge to his detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12

[1] The Court also has no jurisdiction to delay or enjoin removal based on a claim that detention is unlawful. See Rauda v. Jennings, 55 F.4th 773, 776-77 (9th Cir. 2022); see also 8 U.S.C. § 1252(b)(9). Thus, Petitioner's request for a TRO against removal must be denied.

(N.D. Cal. Dec. 19, 2025). Numerous District Courts correctly have found that jurisdiction exists to adjudicate aliens' challenges to ICE detentions. See, e.g., Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025); Xayakesone v. Noem, 2025 WL 3229102 (S.D. Cal. Nov. 19, 2025); J.L.R.P. v. Wofford, 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *6-7 (D. Nev. Nov. 3, 2025); Grigorian v. Bondi, 2025 WL 2604573 (S.D. Fla. Sept. 9, 2025); K.E.O. v. Woosley, 2025 WL 2553394 (W.D. Ky. Sept. 4, 2025); Zhu v. Genalo, 2025 WL 2452352 (S.D.N.Y. Aug. 26, 2025); Santamaria Orellana v. Baker, 2025 WL 2444087 (D. Md. Aug. 25, 2025); M.S.L. v. Bostock, 2025 WL 2430267 (D. Or. Aug. 21, 2025); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 151-52 (W.D.N.Y. 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

In the present case, Petitioner is likely to succeed on claims that his arrest and detention violated his federal rights. The likely violations were both regulatory and constitutional.

Section 287.8(b)(2) of Title 8 C.F.R. provides that an immigration officer "may briefly detain [a] person for questioning" only "[i]f the immigration officer has a reasonable suspicion, based on specific articulable facts, that the person being questioned is, or is attempting to be, engaged in an offense against the United States or is an alien illegally in the United States." On this record, it appears that the arresting officers detained Petitioner for questioning without a reasonable suspicion based on specific articulable facts that Petitioner was either involved in a criminal offense or was an alien illegally in the United States.

Section 287.8(c)(2)(ii) of Title 8 of the Code of Federal Regulations provides: "A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." Given Petitioner's reported long-time residence, employment and family ties, there appears to have been no "reason to believe that [Petitioner was] likely to escape before a warrant [could] be obtained." See also 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-4981-E | Date | September 3, 2026 |
| Title | MANUEL CARRILLO RAMIREZ v. DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOM ENFORCEMENT, ET AL. | | |

detained pending the decision on whether the alien is to be removed from the United States.") (emphasis added).

It should go without saying that federal agencies, including ICE, must follow federal law, including federal regulations. See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954); see also Morton v. Ruiz, 415 U.S. 199, 235 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures.").

Even more fundamentally, Petitioner's months-long detention without a hearing likely violated his due process rights. An alien who builds a substantial life in the United States over a period of many years after entering without inspection develops a constitutionally protected liberty interest in remaining out of custody. See, e.g., Ramirez-Serna v. Mullin, 2026 WL 1514337, at *6-7 (C.D. Cal. May 28, 2026) ("Ramirez-Serna"); see also Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberties the government wields significant discretion retain a protected interest in their liberty."). As in Ramirez-Serna, the warrantless arrest and hearingless detention here likely violated federal due process. See Mathews.

For the reasons stated in the Petition and Application, it is manifest that the other Winter elements are also satisfied. Under all of these circumstances, the most appropriate remedy would be to release Petitioner on reasonable conditions and restrain his re-detention without a hearing. See Ramirez-Serna, at 7; Maciel v. Noem, 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026); see also Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases and noting respondents' "refusal to abandon their unlawful policy"); Domingo v. Kaiser, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) (even if the alien received a "prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm . . . that is, his potentially erroneous detention").

## CONCLUSION

It is ordered that the Application is granted in part. Respondents are ordered to release Petitioner (A# 240-500-245) from detention immediately, subject to reasonable conditions.

It is further ordered that Respondents are enjoined from further detention of Petitioner absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral

decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable flight risk.[2]

It is further ordered that, on or before September 10, 2026, Respondents shall file a report discussing: (1) compliance with this TRO; and (2) the nature and timing of any necessary further proceedings in this case.

cc: Petitioner
All Counsel of Record

Initials of Deputy Clerk bm

[2] No security is ordered because requiring security "would have a negative impact on [Petitioner's] constitutional rights, as well as the constitutional rights of other members of the public." Baca v. Moreno Valley Unified School District, 936 F. Supp. 719, 738 (C.D. Cal. 1996); see Johnson v. Couturier, 572 F.3d 1067, 1086 (2009) (despite the seemingly mandatory language of Federal Rule of Civil Procedure 65(c) the district court has discretion regarding whether to require security when granting interim injunctive relief).